UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| GUADALUPE ADAMS, Individually, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 6:16-cv-1336 |
| : | |
| ROHNAM WICHITA LLC. : | |
| A Domestic Limited Liability Company : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S MOTION AND BRIEF FOR ENTRY OF JUDGMENT AFTER DEFAULT, AND VERIFIED APPLICATION FOR ATTORNEY FEES, COSTS, AND LITIGATION EXPENSES AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, Guadalupe Adams, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Judgment after Default against Rohnam Wichita, LLC, and further seek attorney fees, costs, and litigation expenses pursuant to Rule 12(b)(1).

**Motion**

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA").  Defendant was served with the Summons and Complaint on September 14, 2016 [DE 5].  This Court entered the Clerk's Entry of Default against Defendant on October 21, 2016. [DE 7].

For further grounds for entering Judgment After Default, the Plaintiff submits the following Memorandum of Law and the Verification of Pete M. Monismith, Esq., as Exhibit A.

As set forth herein, Plaintiff also seeks her attorney fees, costs, litigation expenses and expert fees incurred in this action.

1

**Memorandum of Law**

**I.  Plaintiff Is Entitled To Default Judgment**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party.  In this instance, a default was entered.  Thereafter, a default judgment shall be entered by the court against the defendant, based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith.  42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less).  Under either scenario, the Defendant's deadline for compliance has long since passed.

The premises which are owned by the Defendant, and which is the subject of this action, includes a facility known as the Top Hat Motel, located at 9027 W Kellogg  W Kellog Dr,  Wichita, Kansas, must be accessible by individuals with disabilities.  Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the

2

requirements of the ADA.  28 CFR Part 36.  Defendant is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiff.  The discrimination is based on the Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

Further, the court stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## II.  Plaintiff Is Entitled To Her Attorney Fees, Costs, Litigation Expenses and Expert Fees

Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorneys' fees, including costs and litigation expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205.

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA. 42 U.S.C. § 12205.  To recover attorneys fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party.  Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  In order to be a "prevailing party" under Buckhannon , a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must

also be judicially sanctioned. In the instant action, Plaintiff is a prevailing party pursuant to the Default.

### III.  CALCULATING ATTORNEYS FEES

When determining reasonable attorneys' fees the Tenth Circuit follows the procedures outlined in Ramos v. Lamm, 639 F.2d 559 (10th Cir. 1980). See Lamon v. City of Shawnee, Kan., 972 F.2d 1145, 1159 (10th Cir. 1992). Under Ramos, the applicant bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended and hourly rates. "'To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate.'" Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting Jane L. v. Bangerter, 61 F.3d 1505, 1509 (10th Cir. 1995)).

### A.  Hourly Rate

In examining the hourly rate, Courts look "to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). "'The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time.'" Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting Ramos, 713 F.2d at 555). In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate." Lippoldt v. Cole, 468 F.3d 1204, 1225 (10th Cir. 2006) (quotations omitted). The Tenth Circuit defines the relevant community for the purposes of attorneys' fee awards as the area in which the litigation occurs. Ramos, 713 F.2d at 555 (applying local rate to civil rights litigation involving prison conditions).

"Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" Jane L., 61 F.3d at 1510 (applying local rate to constitutional challenge of state abortion law) (citing Ramos, 713 F.2d at 555).

In the present matter, the subject property is in Wichita, Kansas. Plaintiff, who consulted with local counsel, was unable to locate any attorney in the Wichita, Kansas, area that has substantial experience in litigation under the ADA. However, this Court has previously awarded Plaintiff's attorney an hourly rate of $425.00 See Adams v Avsar, Docket 6:15-1060-JTM-KGG, (District Court of Kansas, Jan. 21, 2016) and Adams v SH Hospitality, Docket 6:15-cv-01122, (District Court of Kansas, Jan. 21, 2016).

Plaintiff has considerable experience in ADA Title III litigation. He has over sixteen (16) years of experience as a trial attorney. He is a member of the Pennsylvania Bar, 1999; the New Jersey Bar, 2000; the Kansas Bar, 2014; the Michigan Bar, 2014; the Georgia Bar, 2014; Western District of Pennsylvania, 2008; Middle District of Pennsylvania, 2009; Western District of Texas, 2009; District of Maryland, 2009; Northern District of Florida, 2010, Eastern District of Michigan, 2010; Eastern District of Wisconsin, 2010; District of Colorado, 2011; Eastern District of Texas, 2011; Western District of Michigan, 2011; District of Nebraska, 2011;District of North Dakota, 2011; Central District of Illinois, 2011; Northern District of Illinois, 2011; Southern District of Illinois, 2011; Eastern District of Arkansas, 2011; Western District of Arkansas, 2011; Western District of Oklahoma, 2011; Northern District of Texas, 2011; Northern District of New York, 2011; Eastern District of Oklahoma, 2011; Southern District of Texas, 2011; Northern District of Ohio, 2012; Northern District of Oklahoma, 2012; Western District of Wisconsin, 2012, Northern District of New York, 2012, District of Kansas, 2014; Western District of Missouri, 2014, Middle

District of Georgia, 2015, Northern District of Georgia, 2015; U.S. Court of Appeals for the Armed Forces, 2009; U.S. Court of Appeals for the Fourth Circuit, 2010; U.S. Court of Appeals for the Second Circuit, 2011; and Pokagon Band of Potawatomi Indians Tribal Court, 2015.

Further, it is estimated that there are very few firms nationwide that litigate Title III ADA claims.  Thus, Plaintiff's attorney has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case.  For example, a complaint that would normally require 10-20 hours to generate only requires 1-2 hours for this firm.  Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions.  To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction, expert reports, alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the extensive volumes of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable."

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher rate than many other areas of practice.

Plaintiff is presently requesting $425.00 an hour. Based upon his experience, previous Court decisions, and previous holdings of this Court, this amount is reasonable and should be granted.

**B.     Hours Expended**

In order for the Plaintiff to satisfy the burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." Case, 157 F.3d at 1250. "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998)

> The Supreme Court has stated that:
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation .... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

Hensley v Eckerhart,  461 U.S. at 435, 103 S.Ct. 1933 (1983)

Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation. Defendant shall now be required to make to its premises fully compliant, which will assist not only the Plaintiff but also all disabled persons.  This was made possible by Plaintiff and her attorney. As such, Plaintiff's attorney should recover a fully compensable fee for all hours expended on this matter.

Plaintiff's attorney's affidavit (Attached hereto as Exhibit A) consists of the time sheets to date of time spent by Plaintiff's attorney.  As set forth on those time sheets, attorney Pete M.

Monismith spent 21.6 hours and his paralegal expended 2.8 hours. This time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained. This time includes the time expended by Plaintiff's counsel in drafting this Motion. Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this Motion and any hearings thereon is compensable. The Tenth Circuit has stated that attorney fees are proper for work done resolving the fee issue itself. <u>Love v. Mayor of Cheyenne, Wyoming</u>, 620 F.2d 235, 237 (10th Cir. 1980). The recovery of fees for resolving an attorney fees request is generally allowed even after the merits of the lawsuit have been resolved. <u>Hernandez v. George</u>, 793 F.2d 264, 269 (10th Cir. 1986). "It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." <u>Glass v. Pfeffer</u>, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988).

To date, the Plaintiff has incurred $9,180.00 for attorneys' fees based on an hourly rate of $425.00 per hour for legal services by attorney Pete M. Monismith, and paralegal fees of $322.00 based on $115 per hour for the paralegal. Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

### C. Costs

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, <u>inter alia</u>, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5)

docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920.

To date, Plaintiff has incurred a total of $489.00. This amount includes the filing fee ($400.00), service of the complaint ($55.00), an Accurint database search of the property ($25.00) and $9.00 for copying and postage.

### D.  Litigation Expenses

In order to properly document the numerous discriminatory barriers at the property, Plaintiff had to hire an expert, William Cody& Associates. Mr. Cody issued a preliminary report of his findings at the property, which was utilized to draft the Complaint. Mr. Cody was paid a flat fee of $500.00 for his time spent investigating the barriers at the property, and for issuing the report. This cost was a necessary expense in order to proceed with this matter. If it weren't for this report, Plaintiff would not have been able to properly verify and file her Complaint, as she is not an expert in the ADA.

The powers, remedies and procedures in 42 U.S.C. § 2000e-5 are available in ADA actions. See 42 U.S.C. §12117(a). As a result, in an ADA action, the court may in its discretion allow reasonable attorney's fee, including *expert fees*, as part of the costs. 42 U.S.C. §2000e-5(k). See also 42 U.S.C. § 12205; 28 C.F.R. §35.175. (italics added). Expert witness fees are to be included in the term "litigation expenses" in ADA cases. Hall v. Claussen, 6 Fed. Appx. 655, *681, 2001 WL 219088, *20 (10th Cir.2001).

### V.  INJUNCTIVE RELIEF

As previously explained, this is a matter for injunctive relief wherein Plaintiff is requesting that the property subject to the lawsuit is made compliant.

In the case at bar, the expert performed an initial field inspection to confirm the validity of the Complaint, and issued an initial report of the violations.

Attached hereto as Exhibit B, is a copy of the initial report.

## VI. CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to enter Judgment After Default against the Defendant, enjoining them from discriminating against individuals with disabilities, closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA, and awarding Plaintiff her attorneys' fees, expenses and costs incurred in this action in the amount of $10,491.00.

Respectfully submitted,

By: */s/ Pete M. Monismith*
Pete M. Monismith
Kansas Bar #26379
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

## CERTIFICATE OF SERVICE

I certify that on January 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent notice, by United States Postal Service to:

ROHNAM WICHITA LLC
9027 W KELLOGG
WICHITA KS 67209-1862

    /s/ Pete M. Monismith
Pete M. Monismith
Kansas Bar #26379
3945 Forbes Ave.
#175
Pittsburgh, PA 15213
ph. (724) 610-1881
pete@monismithlaw.com