IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUADALUPE ADAMS

    Plaintiff,

vs.                                      Case No. 16-1336-JTM

ROHNAM WICHITA, L.L.C.,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Default Judgment. (Dkt. 8). The clerk has previously entered default (Dkt. 7), finding that defendant Rohnam Wichita, LLC, has failed to appear or defend in this action by Guadalupe Adams under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq*. Adams alleged in her complaint (Dkt. 1) that defendant operates the Top Hat Motel in Wichita, Kansas, and that the motel fails to meet ADA accessibility standards in several respects. By the present motion, Adams seeks injunctive relief requiring that the motel be made reasonably accessible as required by the ADA, and an award of attorney fees.

The court finds that default judgment should be entered, and that attorney fees should be awarded. Adams requests $9,180 in attorney fees, reflecting 21.6 hours of attorney work at an hourly rate of $425 per hour. The amount of this requested award

gives the court pause. While Adams notes comparable amounts have been awarded in two other ADA cases brought by her, the court observes that both cases involved default judgments, in which no party actively contested the issuance of an award. *See Adams v Avsar*, No. 15-1060-JTM (D. Kan. Jan. 21, 2016); *Adams v SH Hospitality*, No. 15-1122-JTM (D. Kan. Jan. 21, 2016).

Adams also claims that a higher rate is necessary in light of "the novelty and difficulty of the issues presented in ADA actions." (Dkt. 8, at 6). But the issues in this action were not novel or difficult.

According her September 14, 2016 Amended Complaint, Adams visited the Top Hat on June 24, 2015, and saw some alleged ADA violations. A retained expert, employed by Adams and/or her counsel, William Cody, visited the motel on July 17, 2016, and prepared a report citing six ADA deficiencies. (Dkt. 8-2). The Amended Complaint filed here is a standard form complaint very similar to that presented in *Avsar* and *SH Hospitality*. Plaintiff has taken a standard form and modified the paragraph listing the property's deficiencies (Dkt. 4, ¶ 14) by paraphrasing language taken from Cody's report.

The court has reviewed recent ADA accommodation cases which have resulted in default judgment in favor of plaintiffs, and found little support for an award of the magnitude requested by Adams. In *Trujillo v. Ali*, 2016 WL 6902313, *6-7 (E.D. Cal. Nov. 23, 2016), the court determined that a request for attorney fees for 12.7 hours at an hourly rate of $300 was unreasonable in conjunction with an ADA default judgment. The court instead approved fees based upon a $250 hourly rate, finding such a rate fair

2

and appropriate for an experienced ADA litigator who "specializes in representing plaintiffs in disability actions." In addition, the court substantially cut back the number of hours, stressing that counsel had obtained default judgment based on what was "basically a form complaint," which was nearly identical to complaints filed by [the same attorney] in dozens of other actions in this Court, with only the names of the parties and the allegations in paragraph ten changed to reflect the specific facts of this case." *Id*. at 7.

Other recent decisions in ADA actions resulting in default judgments support a reduced award. *See Johnson v. Patel*, 2017 WL 3953949, at *5 (E.D. Cal. Sept. 8, 2017) (approving $3,560 in attorneys fees and costs, reflecting 10.4 hours at $425 per hour); *Colon v. Americas Best Value Inn*, 2017 WL 3610572, at *2 (W.D. Wis. Aug. 22, 2017) (awarding attorney fees of $3,900); *Villegas v. Beverly Corner*, 2017 WL 3605345, at *7 (C.D. Cal. Aug. 18, 2017) ($3,527.50 in attorneys fees for 8.3 hours of work); *O'Campo v. Raghbir Singh Ghoman*, 2107 WL 3225574, *7 (E.D. Cal. July 31, 2017) (finding that a reasonable rate for comparable ADA litigation is $250 to $300 per hour); *Trujillo v. Singh*, 2017 WL 1831941 (E.D. Ca. May 8, 2017) (reducing requested hours of 9.9 attorney time to 5.9, and awarding reasonable attorneys' fees in the amount of $ 2,507); *Johnson v. Patel*, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) (finding $300 reasonable rate for managing partner who litigated over 2000 ADA cases over 20-year career); *Sierra v. JRF, Inc.*, 2017 WL 1929961, *1-2 (S.D. Fla. Jan. 9, 2017) (awarding attorney fees of $1625, based on hourly rate of $250 and that 6.5 hours was a reasonable time for an attorney to expend in a default ADA action); *Thompson v. Rising Star Beauty Salon Inc.*,

3

2016 WL 9583995, at *5 (E.D.N.Y. Dec. 23, 2016) ("[g]iven Defendants' default, the work Weiss did for Thompson was relatively straightforward," making $300 hourly rate reasonable, and reducing the requested 17 hours to 10) (internal citation omitted); *Gomez v. J. Lindeberg USA*, 2016 WL 9244732, *2-3 (Oct. 18, 2016) (denying request for $7,045 in attorney fees, reducing by two thirds attorney's request of 13.9 hours time, where counsel had filed "substantially similar complaints" in 90 other cases in district, and instead awarding $2,067 in attorney fees).

Turning to the hourly rate requested by the plaintiff in this action, her motion supplies *no evidence* as to the prevailing market rate for litigation of comparable difficulty in Wichita, Kansas. (Dkt. 8, at 5-6). Indeed, the majority of the plaintiff's discussion of the issue is simply a recitation of the 39 different state and federal district courts to which he has been admitted to practice. *Id*. at 5.

This court recently approved hourly attorney rates, for experienced counsel in a Wichita, Kansas action alleging violations of state law in consumer lending practices, at a rate substantially less than that requested by Adams. See *Rogers v. Bank of America*, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014). "Based upon the Court's own knowledge and a relatively recent case on prevailing attorney billing rates in Wichita," the court concluded that a "requested partner hourly rate of $300, as well as associate hourly rate of $225, are in line with the prevailing market rates for attorneys of their experience for similar types of litigation in Wichita, Kansas." *Id*. at *2. *See also Paradigm Alliance, Inc. v. Celeritas Technologies*, 2011 WL 251452, at *5 (D. Kan. Jan. 25, 2011) (in a "complex and contentious" contract action in the Wichita legal market, the court

approved as reasonable a $300 hourly rate for a senior partner and $200 for a junior partner); *Torkelson v. Jimick Prods., Inc.*, 2012 WL 6623911, at *2 (D. Kan. Dec. 19, 2012) (finding hourly rates of $250 for lead counsel, and $175 for co-counsel, and $100 for paralegal reasonable in 2012 Wichita Fair Labor Standards Act case).

The court has reviewed the Verification of Fees submitted by counsel for plaintiff, and finds that it substantially overstates the amount of time required to obtain the results produced herein. The Amended Complaint includes 2.3 hours time for drafting the original Complaint, although, as noted earlier, the original and amended versions of the complaint are very similar to those in the dozens of other cases filed by Adams.

The verification also requests a substantial amount of time associated with the default judgment and request for fees, including 3.0 hours for drafting the motion, 1.8 hours for researching "kansas case law re award of attorney fees," and 2.5 hours researching "10th circuit cases of ADA matters and awarding of attorney fees." (Dkt. 8-1, at 2). Such amount of time is for research and drafting is excessive, given the substantial similar motions for default and fees submitted in *Avsar* (No. 15-1060, Dkt. 7) and *SH Hospitality* (No. 15-1122, Dkt. 13).

Here, the plaintiff obtained a default judgment against a small business which did not appear to defend itself. The plaintiff used standard form pleadings which have been slightly modified to reflect the input of plaintiff's retained expert. Other than the default, virtually nothing occurred in the case other than the filing of the Amended

Complaint, which was submitted to correct the identity of the owner of the motel. The court will approve attorney fees of $300 per hour, for 10 hours of work.

Accordingly, the court grants plaintiff's request for default judgment (Dkt. 8), and enjoins defendant to alter the motel to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA. The court awards $4,311 in costs and fees to plaintiff, reflecting $3000 attorney fees for counsel Pete Monismith, $322 for paralegal work, $500 compensation for plaintiff's retained expert, and $489 in costs.

IT IS SO ORDERED 29th this day of September, 2017.

                                              ___s/ J. Thomas Marten_____
                                              J. THOMAS MARTEN, JUDGE